**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

SEAN LLOYD,

        Plaintiff,

vs.                                           No. CV 20-00289 MV/KRS

SANTA FE COUNTY ADULT DETENTION CENTER,

        Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

THIS MATTER is before the Court *sua sponte* on the handwritten complaint for violation of civil rights (Doc. 1) and amended Complaint for Violation of Civil Rights (Doc. 4) filed by Plaintiff Sean Lloyd. The Court will dismiss this proceeding without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure of Plaintiff to comply with Court Orders and rules and failure to prosecute.

At the time that he filed his original Complaint, Plaintiff was an incarcerated prisoner at the Santa Fe County Detention Center. (Doc. 1). His original Complaint was a hand-written letter stating that he wanted to file a civil rights complaint because his constitutional rights had been violated. (Doc. 1). On May 5, 2020, the Court issued an Order to Cure Deficiencies, directing Plaintiff to put his complaint in proper form and pay the filing fee or submit an application to proceed *in forma pauperis* within 30 days. (Doc. 3). The Order also directed the Clerk to provide Plaintiff with the form for a civil rights complaint and an application to proceed. (Doc. 3).

On May 26, 2020, Plaintiff filed an amended Complaint for Violation of Civil Rights (Doc. 4) and an Application to Proceed in District Court Without Prepayment of Fees or Costs (Doc. 5). On July 15, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis* and ordered him

to make an initial partial payment of the filing fee in the amount of $10.00 as required by § 1915(b).
(Doc. 7).

Plaintiff did not make the $10.00 initial partial payment within 30 days as ordered on July
15, 2020.  Instead, on August 21, 2020, Plaintiff sent a letter to the Court stating that he was
currently unable to pay the $10.00 partial payment.  To date, Plaintiff has not made the initial
partial payment or corresponded with the Court.

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> The court *shall* assess and, when funds exist, collect, as a partial payment
> of any court fees required by law, an initial partial filing fee of 20 percent
> of the greater of (A) the average monthly deposits to the prisoner's account;
> or (B) the average monthly balance in the prisoner's account for the 6-month
> period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphasis added).  Plaintiff was ordered to make the required partial
payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to
comply with the Court's Order.  His August letter response (Doc. 8) that he cannot currently pay
the $10.00 because he has not received the money from his family does not constitute good cause
not to make the ordered payment.  *See, e.g., Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th
Cir. 1997); *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001).

Further, mail to Plaintiff at the Santa Fe County Detention Center address is being returned
as undeliverable.  See CV 19-01057 MV/LF.  The Court conducted a search of Santa Fe County
Adult Detention Center Records, which indicate that Plaintiff was released from the custody of the
Detention Center on September 18, 2020.  A search of the New Mexico Department of
Corrections' records similarly shows that there is no inmate named Sean Lloyd in Department of
Corrections' custody.  Thus, Plaintiff has been transferred or released from custody without
advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, severing contact with

the Court.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules.  *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980).  The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court.  D.N.M. LR-Civ. 83.6.  The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  Plaintiff has failed to comply with Court orders and rules and has failed to prosecute this case by failing to make the initial partial payment and failing to keep the Court advised of his current address.  The Court will dismiss this proceed without prejudice under Rule 41(b).

IT IS ORDERED that the handwritten complaint (Doc. 1) and amended Complaint for Violation of Civil Rights (Doc. 4) filed by Plaintiff Sean Lloyd are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure of Plaintiff to comply with Court Orders and rules and failure to prosecute this proceeding.

_____

UNITED STATES DISTRICT JUDGE

3